IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  21-cr-00238-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DRODERICK RASHAWN LEWIS,

    Defendant.

_____

## ORDER OF DETENTION
_____

    THIS MATTER came before the Court for a detention hearing on July 19, 2021. Present were the following: Kelly Churnet, Assistant United States Attorney; Timothy O'Hara, Assistant Federal Public Defender, counsel for the defendant; and the defendant.  The Court reviewed the Pretrial Services Report and considered the comments of counsel.

    The Court has concluded that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purposes of an appearance in connection with this proceeding.

    DATED and ENTERED this 19th day of July, 2021.

                                      BY THE COURT:

                                       s/ Kristen L. Mix
                                      U.S. Magistrate Judge
                                      Kristen L. Mix

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-cr-00238-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DRODERICK RASHAWN LEWIS,

    Defendant.

_____

FINDINGS OF FACT, CONCLUSION OF LAW and REASONS FOR
ORDER OF DETENTION

_____

    THIS MATTER came before the Court for a detention hearing on July 19, 2021. The Court has taken judicial notice of the Pretrial Services Report and considered the comments of counsel.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    The Bail Reform Act, 18 U.S.C. § 3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

    (A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

  (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the entire court file and have considered the comments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with violating 18 U.S.C. §§ 922(g)(1), possession of firearm by a prohibited person, and 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession with intent to distribute cocaine.

Second, according to the Pretrial Services Report, the defendant has two prior felony drug convictions, he has used two alias names, he committed a new felony weapon offense while on parole for a felony weapon offense, he has failed to appear on twelve occasions resulting in the issuance of ten warrants, he has been unemployed since early 2020, he has a pending felony weapon charge, he has had four terms of probation revoked, two terms of parole revoked and two warrants issued for failure to comply, and he has four felony convictions and one misdemeanor conviction.

Third, the government proffered evidence indicating that a post-arrest search of the defendant's car revealed drugs, scales and a loaded weapon located in a satchel.

After considering all of the factors set forth in the Bail Reform Act and the offenses charged in this case, I find that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community. In support of that finding, I note the factors listed above, as well as the lengthy sentence that could be imposed if the defendant is found guilty of the charged offense.

DATED and ENTERED this 19th day of July, 2021.

                BY THE COURT:

                s/ Kristen L. Mix
                U.S. Magistrate Judge
                Kristen L. Mix