IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00238-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**DRODERICK RASHAWN LEWIS,**

        **Defendant.**

_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT**
_____

MR. DRODERICK RASHAWN LEWIS, by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding one hundred twenty (120) days from the speedy trial time limitations and vacating the motions deadline (August 6, 2021), Trial Preparation Conference (September 3, 2021), and Jury Trial date (September 13, 2021). The government does not oppose the present Motion.

**I.    Procedural Background**

1.    On July 8, 2021, the government filed a Criminal Complaint in the District of Colorado, alleging that Mr. Lewis violated 18 U.S.C. § 922(g)(1) and 21 U.S.C. §841(a)(1) and (b)(1)(C). *See* Doc. 1. An Arrest Warrant was issued the same day. *See* Doc. 2.

2.      On July 15, 2021, the government filed a three-count Indictment alleging that Mr. Lewis violated the two offenses found in the Criminal Complaint along with the additional offense of 18 U.S.C. §924(c).  *See* Doc. 11.

3.      On or about July 9, 2021, Mr. Lewis was arrested.  He appeared before the Honorable Magistrate Judge Scott T. Varholak in the District of Colorado for an Initial Appearance.  *See* Doc. 6.  Magistrate Judge Varholak appointed counsel to represent Mr. Lewis at that time.  *See* Docs. 4 & 6.

4.      On July 13, 2021, undersigned counsel filed a Notice of Appearance.  *See* Doc. 7.

5.      On July 19, 2021, Mr. Lewis appeared before Magistrate Judge Kristen L. Mix.  *See* Doc. 14.  Defense counsel entered a plea of "Not Guilty" on his behalf and Magistrate Judge Mix executed the Discovery Conference Memorandum.  *See* Doc. 14 & 15.  At that time, undersigned counsel contested Mr. Lewis' detention.  *See id.*  Following a hearing, Magistrate Judge Mix ordered Mr. Lewis to be detained.  *See id.*

6.      On June 30, 2021, this Honorable Court entered an Order with the following pertinent dates for the case:

   a) Pretrial Motions Deadline: August 6, 2021;
   b) Trial Preparation Conference: September 3, 2021;
   c) Four-day Jury Trial Date: September 13, 2021.

*See* Doc. 20.

7.      On July 22, 2021, the government provided initial discovery to undersigned counsel, consisting of:

   a) 672 pages, including police reports, criminal history information, photos, search warrant related documents,

   b) 18 video files with footage totaling approximately one and a half hours.

2

8.      Undersigned counsel has conducted an initial review of the written and video discovery materials tendered by the government.

Speedy Trial Calculation

9.      Twenty-one days have passed since the government filed the Indictment [Doc. 11] on July 15, 2021, not including July 15th or the date of the present filing. As a result, forty-nine days remain on the original 70-day period. The original speedy trial date ("70-day date") is September 23, 2021. An extension of 120 days would move the 70-day date to approximately January 14, 2022.[1]

Justification for an Extension

10.     A summary of the government's alleged evidence[2] is as follows:

On June 12, 2021, Colorado Springs Police Department officers responded to a call of a domestic disturbance. Upon arrival, officers spoke to Mr. Lewis' girlfriend, who reported that Mr. Lewis had kicked her out of their joint residence. His girlfriend reported that Mr. Lewis was in possession of multiple firearms and narcotics.

On June 28, 2021, following a brief investigation largely based on the statements of Mr. Lewis' girlfriend, CSPD officers obtained an arrest warrant for Mr. Lewis. On July 5, 2021, CSPD officers located Mr. Lewis and another individual in a vehicle in the parking lot of a Safeway grocery store. Mr. Lewis was arrested. The vehicle driven by Mr. Lewis was seized.

On July 6th and July 7th, 2021, CSPD officers obtained search warrants for the seized vehicle. On July 6th, CSPD officer conducted an initial search and located, on the rear passenger floorboard, a black bag containing a 9mm pistol, approximately 45 grams of cocaine, and a wallet believed to be owned by Mr. Lewis.

---

[1] An exclusion of 120 days from today's date would go until December 4, 2021. Forty-one days after that date would be January 14, 2022.

[2] The factual information presented herein is derived from the police reports tendered by the government in discovery as well as the Criminal Complaint [Doc. 1] and are by no means admissions by Mr. Lewis about how the events actually transpired.

11. Based on the discovery materials, the charges, and undersigned counsel's experience in defending criminal cases, undersigned counsel has identified four tasks that will be necessary to complete in order to represent Mr. Lewis effectively.

12. First, additional time is required to complete the discovery process, i.e. to obtain and review all discoverable materials, and then to review those materials with Mr. Lewis.  The materials initially disclosed by the government reflect a significant investigation in the present case.  CSPD officers sought and obtained multiple search warrants[3] and an arrest warrant.  Mr. Lewis' girlfriend's phone also was seized and data was extracted from it.  One of the search warrants also resulted in the recovery of a hard drive from the aforementioned vehicle in which Mr. Lewis was found prior to his arrest.  Undersigned counsel believes that additional information may remain outstanding relating to this evidence.

13. Undersigned counsel is in the process of reviewing the discovery materials to determine what materials remain outstanding.  Undersigned counsel anticipates requesting additional discovery from the government within the next two weeks.

14. Second, undersigned counsel must investigate the case, which includes an investigation into any evidence that may be considered relevant conduct and/or evidence that may be admissible under Federal Rule of Evidence 404(b).  Here, because a majority of the evidence obtained by the police was the result of the

---

[3] The search warrants sought to search a residence, a vehicle (at two different times), and a cellular phone account believed by law enforcement to have been used by Mr. Lewis.

execution of search warrants, undersigned counsel must investigate the factual assertions that were made as part of the applications for the search warrants and the arrest warrant.

15. Third, undersigned counsel must research potential pre-trial motions. Of particular importance to the present case will be researching the validity of the arrest warrant and search warrants to determine their sufficiency.

16. Fourth, undersigned counsel must consult with Mr. Lewis in order to determine if he would like to have a jury trial in the present case. If Mr. Lewis decides to request a jury trial, undersigned counsel must prepare for the trial. Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, as well as the coordination of witnesses and exhibits. Mr. Lewis is in the Douglas County Jail and so consultation will be more time consuming than if undersigned counsel were able to arrange meetings with him privately.

17. If Mr. Lewis would prefer to plead guilty, undersigned counsel must attempt to negotiate a potential disposition with the government, which includes a negotiation of the relevant facts, law, and sentencing guidelines.

18. The present case involves very serious felony offenses. One count is punishable by a mandatory minimum sentence which must run consecutive to all other sentences and the other two counts have statutory maximum prison sentences of 10 and 20 years.

19. Undersigned counsel contacted the government about the present motion. The government has no objection to an extension as requested herein.

20. Undersigned counsel has consulted with Mr. Lewis on multiple occasions and advised him of the requested continuance. He also has no objection.

## II. Standard for Continuances

21. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

22. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). See also, United States v. Toombs, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

23. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. See United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for

continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

24.     The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *See Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.    Argument

25.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*.  Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 120 days from the speedy trial calculations.

26.     Undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

27. Undersigned counsel requires 120 days to coordinate the disclosure of outstanding discovery materials with the government, review the discovery materials with Mr. Lewis, conduct necessary pre-trial investigation, research the aforementioned legal issues, prepare appropriate pre-trial motions, and prepare for trial or negotiate a favorable disposition with the government on Mr. Lewis' behalf.

28. Neither Mr. Lewis nor the government object to the requested continuance.

29. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

30. Finally, a continuance for 120 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

31. Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-frame. Undersigned counsel has only represented Mr. Lewis for less than 30 days – more time is appropriate to ensure that Mr. Lewis receives effective representation in a case of this magnitude.

32. Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for motions and trial.

33. The present request is undersigned counsel's first request for additional time under the Speedy Trial Act in the present case.

WHEREFORE, undersigned counsel respectfully requests that this Court issue an Order excluding 120 days from the speedy trial time limitations, vacating current deadlines and the trial date, and setting a new trial date in early January of 2022.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Kelly Churnet
    Assistant United States Attorney
    Email: Kelly.Churnet@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Droderick Lewis (U.S. Mail)

                      s/ *Timothy P. O'Hara*
                      TIMOTHY P. O'HARA
                      Assistant Federal Public Defender
                      633 Seventeenth Street, Suite 1000
                      Denver, Colorado  80202
                      Telephone:  (303) 294-7002
                      FAX:  (303) 294-1192
                      Timothy_OHara@fd.org
                      Attorney for Defendant