## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:21-cr-00238-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **DRODERICK RASHAWN LEWIS,**

      **Defendant.**

---

### PLEA AGREEMENT

---

The United States of America, by and through Kelly R. Churnet, Assistant United States Attorney, and defendant, DRODERICK RASHAWN LEWIS, personally and through counsel, Timothy P. O'Hara, submit the following Plea Agreement. This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I. AGREEMENT

A. **Defendant's Obligations**

The defendant agrees to:

1. **Defendant's Plea of Guilty**

(1)    plead guilty to Count 3 of the Indictment charging a violation of 18 U.S.C. § 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime;

(2)    waive certain appellate and collateral attack rights, as explained in detail below; and

Court Exhibit

1

(3) agree not to contest forfeiture as more fully described below.

2. **Waiver of Appeal**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)   the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 924(c);

(2)   the sentence exceeds 60 months; or

(3)   the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)   the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

2

(2)     the defendant was deprived of the effective assistance of counsel; or

(3)     the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that "extraordinary and compelling reasons" for a sentence reduction are lacking or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).  This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

3. **Forfeiture of Assets**

The defendant admits the forfeiture allegations.  The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States

Code, Section 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere.  The assets to be forfeited specifically include, but are not limited to: (1) a Ruger EC9 S 9mm caliber pistol bearing serial number 45421321, and (2) the recovered ammunition.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

B.  **Government's Obligations**

1.  **Sentencing Position**

The government agrees to recommend a sentence of 60 months.  The government further agrees to move to dismiss Counts 1 and 2 of the Indictment.  Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement.  The parties understand that this agreement is not binding on the Court.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of 18 U.S.C. § 924(c)(1)(A)(i) are as follows:

*First*:  The defendant committed the crime of possession with intent to distribute, cocaine (Count 2), which is a drug trafficking crime; and

*Second*:  the defendant possessed a firearm in furtherance of this crime.

4

### III. <u>STATUTORY PENALTIES</u>

The maximum statutory sentence for a violation of 18 U.S.C. § 924(c)(1)(A)(i) is not less than 5 years to run consecutive to any other sentence, and not more than life; not more than a $250,000 fine, or both; not more than 5 years of supervised release; and a $100 special assessment fee.

### IV. <u>COLLATERAL CONSEQUENCES</u>

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. <u>STIPULATION OF FACTS</u>

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate to the following facts:

On June 28, 2021, an arrest warrant was issued for the defendant. On July 5, 2021, Colorado Springs Police Department (CSPD) detectives located the defendant's

vehicle parked at 1338 Holmes Drive in Colorado Springs, Colorado. Detectives conducted surveillance on this address and later observed the defendant exit the residence and enter the driver seat of the vehicle with a female, who entered the passenger seat. A detective observed the defendant carrying a black bag across his body like a satchel that looked similar in appearance to a fanny pack.

Detectives followed the defendant to the parking lot of Safeway and contacted him and the female in the vehicle. The defendant was arrested with $1,171.00 in U.S. currency in his front left pocket and a white powdery substance with a straw, inside a folded dollar bill, suspected to be a small personal use amount of cocaine in his front right pocket. The substance field tested positive for the presumptive presence of cocaine. The bag that the defendant was carrying remained in his vehicle which was towed to the CSPD impound lot pending a search warrant. A police K-9 was also used to sniff the vehicle and alerted to the odor of an unknown narcotic coming from the vehicle.

On July 6, 2021, detectives executed a search warrant on the vehicle. Detectives recovered the defendant's black bag from the rear passenger floor board. Inside of the defendant's bag were two bags of suspected cocaine, a digital scale, and a spoon inside of an orange Crown Royal bag. One of the bags weighed approximately 3.18 grams and the other weighed approximately 40.80 grams. Both bags field tested positive for the presumptive presence of cocaine. Also inside of the same black satchel was a black Ruger model EC9s, 9mm pistol bearing serial number 454-21321. Lastly, the defendant's wallet was recovered from inside the bag with his Colorado

6

Identification card inside.  The vehicle was registered to the defendant.

The defendant admits that on or about July 5, 2021 the defendant knowingly possessed cocaine.  The defendant admits that the substance was in fact cocaine. Specifically, the defendant possessed a total of approximately 43.98 grams of a mixture or substance containing a detectable amount of cocaine.  Additionally, the defendant admits that he possessed the cocaine with the intent to distribute it.  The defendant also admits that he possessed the Ruger firearm found in his bag and he possessed that firearm in furtherance of a drug trafficking crime, specifically his possession with intent to distribute cocaine.  All of the events occurred in the state of Colorado.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553.  In determining the particular sentence to be imposed, the Court is required to consider seven factors.  One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.  In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.  To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute. The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range.  To that end, the government may argue that facts identified in the

7

presentence report, or otherwise identified during the sentencing process, affect the

estimate below.

   a) Pursuant to § 2K2.4(b), the guideline sentence for Count 3 is the minimum
      term of imprisonment required by statute. Count 3 charges the defendant
      with violating 18 U.S.C. § 924(c)(1)(A)(i). The mandatory minimum term of
      imprisonment under 18 U.S.C. § 924(c)(1)(A)(i) is 5 years, *i.e.*, 60 months
      imprisonment. Thus, the guideline sentence is 60 months imprisonment.
      Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), this sentence shall run consecutive
      to any other term of imprisonment.

   b) The parties understand that the defendant's criminal history computation is
      tentative and based on the defendant's prior convictions. The parties believe
      the defendant is in criminal history category III.

   c) The guideline range for Count 3 is **60** months imprisonment, to run
      consecutive to any other term of imprisonment.

   d) Pursuant to § 5E1.2 and § 2K2.4(d)(1), for Count 3, assuming the estimated
      offense level of 10,[1] the fine range for this offense would be $4,000 to
      $40,000, plus applicable interest and penalties.

   e) Pursuant to § 5D1.2, for Count 3, if the Court imposes a term of supervised
      release, the term shall be not less than 2 years but not more than 5 years.

The parties understand that the Court is free, upon consideration and proper

application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it

deems appropriate in the exercise of its discretion and that such sentence may be less

than that called for by the advisory guidelines (in length or form), within the advisory

guideline range, or above the advisory guideline range up to and including

imprisonment for the statutory maximum term, regardless of any computation or position

---

[1] Under § 2K2.4(d)(1), for a conviction under section 924(c) "the fine guideline shall be
the fine guideline that would have been applicable had there only been a conviction for
the underlying offense." The total converted drug weight for Count 2 is 12, making the
total offense level after acceptance of responsibility 10.

engagement

of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement.  There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: _1/19/22_

Droderick Rashawn Lewis
Defendant

Date: _1/19/22_

Timothy P. O'Hara
Attorney for Defendant

Date: _1/19/22_

Kelly R. Churnet
Assistant U.S. Attorney