IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00238-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DRODERICK RASHAWN LEWIS,

        Defendant.

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

        COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt J. Bohn, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), moves this Court to enter a Preliminary Order of Forfeiture for a Ruger EC9 S 9mm caliber pistol bearing serial no. 45421321, and the recovered ammunition.

        1.      On July 15, 2019, the grand jury charged defendant Droderick Rashawn Lewis by Indictment in Count 1 with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); in Count 2 with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and in Count 3 with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Doc. 11 at 1-2).

        2.      The United States also sought forfeiture from defendant Droderick Rashawn Lewis, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of all firearms and ammunition involved in the commission of the offenses in Counts 1 and 3, and pursuant to 21 U.S.C. § 841(a), of any

1

and all of the defendant's right, title, and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of the commission of the offenses in Count 2. (Doc. 11 at 2-3).

3. On January 19, 2022, the United States and defendant Droderick Rashawn Lewis entered into a Plea Agreement. The Plea Agreement provides, among other things, that the defendant agreed to plead guilty to Count 3 of the Indictment, a violation of 18 U.S.C. § 924(a)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime. (Doc. 28 at 1-2). Defendant Droderick Rashawn Lewis also agreed to forfeit to the United States immediately and voluntarily any and all property subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), including a Ruger EC9 S 9mm caliber pistol bearing serial no. 45421321, and the recovered ammunition. (Doc. 28 at 3-4).

4. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A).

5. It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

6. As set forth in the Plea Agreement, the United States and defendant Droderick Rashawn Lewis agree that on July 5, 2021, the Ruger EC9 S 9mm caliber pistol bearing serial no. 45421321, and the recovered ammunition, were in possession of the defendant while the defendant possessed cocaine with the intent to distribute it. Furthermore, the defendant and United States agree that the defendant possessed the firearms and ammunition in furtherance of his possession

with intent to distribute cocaine, which is a Schedule II controlled substance. (Doc. 28 at 5-7). Accordingly, the defendant's interest in the Ruger EC9 S 9mm caliber pistol bearing serial no. 45421321, and the recovered ammunition is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

7.   A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property.  The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 15th day of April 2022.

>Respectfully submitted,
>
>COLE FINEGAN
>United States Attorney
>
>By:   s/ *Kurt J. Bohn*
>      Kurt J. Bohn
>      Assistant United States Attorney
>      United States Attorney's Office
>      1801 California Street, Suite 1600
>      Denver, Colorado 80202
>      Telephone: (303) 454-0100
>      E-mail: kurt.bohn@usdoj.gov
>      *Attorney for the United States*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of April 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

                                    s/ *Jason Haddock*
                                    FSA Paralegal
                                    U.S. Attorney's Office